**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WILLIE EARL CARR,

      Plaintiff - Appellee,

v.

COMMISSIONER, SSA,

      Defendant - Appellant.

_____

KIM L. MINOR,

      Plaintiff - Appellee,

v.

COMMISSIONER, SSA,

      Defendant - Appellant.

No. 19-5079
(D.C. No. 4:18-CV-00272-FHM)
(N.D. Okla.)

No. 19-5085
(D.C. No. 4:18-CV-00418-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

These Social Security disability appeals are here on remand from the United

States Supreme Court. In its opinion, the Court addressed the pivotal issue presented

_____

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in this case: Do Social Security disability claimants waive Appointments Clause challenges that they failed to raise in their administrative proceedings?

In separate claims, Willie Earl Carr and Kim L. Minor ("Appellees") sought disability benefits from the Social Security Administration ("SSA"). In each case, the administrative law judge ("ALJ") denied the claim, and the agency's Appeals Council declined to review.

In district court, Mr. Carr challenged the SSA's denial of his claim for disability benefits. While his district-court case was pending, the Supreme Court held that Securities and Exchange Commission ("SEC") ALJs are "inferior officers" under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, and therefore must be appointed by the President, a court, or the head of the agency, *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049 (2018). Shortly after, Ms. Minor also sued in district court challenging the denial of benefits in her case.

In response to *Lucia*, the SSA Commissioner ("Commissioner") appointed the SSA's ALJs.[1] The Commissioner did so "[t]o address any Appointments Clause questions" *Lucia* posed. Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) On Cases Pending at the Appeals Council, 84 Fed. Reg. 9582, 9583 (Mar. 15, 2019). After the Commissioner's action, Mr. Carr and Ms. Minor each filed a supplemental brief, asserting for the first time that the ALJs who had

---

[1] The SEC had only five ALJs when *Lucia* was decided. *See Lucia*, 138 S. Ct. at 2049. The SSA has approximately 1,600. *See* SSA, *FY 2021 Congressional Justification*, 187-89 (2020), https://perma.cc/M3EJ-ZE23.

rejected their claims had not been properly appointed under the Appointments Clause.

After holding that Mr. Carr and Ms. Minor did not waive their Appointments Clause challenges by failing to raise them in their SSA proceedings, the district court vacated the SSA decisions and remanded for new hearings before constitutionally appointed ALJs. *Willie Earl C. v. Saul*, No. 18-CV-272-FHM, 2019 WL 2613819, at *5 (N.D. Okla. June 26, 2019); *Kim L. M. v. Saul*, No. 18-CV-418-FHM, 2019 WL 3318112, at *6 (N.D. Okla. July 24, 2019). On appeal, this court reversed after determining that Appellees waived their Appointments Clause challenges by failing to exhaust them before the SSA. *Carr v. Commissioner*, 961 F.3d 1267, 1273 (10th Cir. 2021).

On June 29, 2020, Mr. Carr and Ms. Minor filed a petition for writ of certiorari in the United States Supreme Court. On July 2, 2020, notice of that filing was docketed in this court and transmitted to the district court. However, because neither Mr. Carr nor Ms. Minor sought to stay the issuance of this court's mandate, the mandate issued on August 7, 2020. On August 17, 2020, the district court issued new judgments affirming the SSA's decisions in Mr. Carr's and Ms. Minor's cases.

Subsequently, the Supreme Court granted certiorari and reversed our judgment after holding that Appellees did not forfeit their Appointments Clause challenges by failing to make them first to their respective ALJs. *Carr, et al. v. Saul*, 141 S. Ct. 1352, 1356 (2021). Accordingly, these matters are remanded to the district court for further proceedings consistent with the Supreme Court's opinion in *Carr*.

3

The mandate shall issue forthwith.

Entered for the Court

Per Curiam

4